IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Agnes Stolinski, f/k/a Dawlak, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 17 C 189 |
| | ) |
| Capital Management Services, LP, a Delaware limited partnership, and LVNV Funding, LLC, a Delaware limited liability company, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) <u>Jury Demanded</u> |

## CLASS ACTION COMPLAINT

Plaintiff, Agnes Stolinski, f/k/a Dawlak, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendants reside here.

### PARTIES

3. Plaintiff, Agnes Stolinski, f/k/a Dawlak ("Stolinski"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to collect a delinquent consumer debt, which was allegedly owed for an HSBC/Carsons

account.

4. Defendant, Capital Management Services, LP ("CMS"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant CMS operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant CMS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant LVNV operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant LVNV is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

7. Defendants CMS and LVNV are both authorized to conduct business in the State of Illinois, and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, both of the Defendants conduct business in Illinois.

8. Defendants CMS and LVNV are both licensed as debt collection agencies in the State of Illinois, <u>see</u>, records from the Illinois Division of Professional Regulation, attached as Group Exhibit <u>B</u>. In fact, both of the Defendants act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9. Due to financial difficulties, Ms. Stolinski stopped paying some of her bills in 2010, including a debt she allegedly owed for a HSBC/Carsons store credit card. Sometime after that debt became delinquent, it was allegedly purchased/obtained by LVNV, which began trying to collect upon it by having Defendant CMS send Ms. Stolinski an initial form collection letter, dated February 22, 2016, demanding payment of the HSBC/Carsons debt. This letter made a "Settlement Offer" and stated that:

\* \* \*

> The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it. If you do not pay the debt, LVNV Funding LLC may report or continue to report it to the credit reporting agencies as unpaid.

\* \* \*

A copy of this collection letter is attached as Exhibit <u>C</u>.

10. The letter, however, failed to state that CMS could not sue on the debt. Moreover, by stating that LVNV "will not" sue, rather than it "cannot" sue, the letter implied that LVNV still had the option to take that action, and that it was simply choosing not to do so.

11. In fact, neither Defendant could sue to collect the debt at issue because it was time-barred by the statute of limitations in the State of Illinois, namely Illinois Code 735 ILCS 5/13-205 (five years from the date of the last payment/statement).

12. The failure of Defendants to disclose that neither Defendant could sue is material. In Illinois collection agencies like CMS can, and do, file collection lawsuits for their clients. Thus, the lack of a proper disclosure would leave the consumer without enough information to make a decision as to what to do about the collection of the debt at issue and cause them to believe Defendants' that the debt needed to be settled or otherwise paid.

13. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA – False, Deceptive Or Misleading Collection Actions

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Moreover, debt collectors are barred from threatening to take any action that the collector cannot legally take, see, 15 U.S.C. § 1692e(5).

17. Attempts by debt collectors to collect time-barred debts violate § 1692e of the FDCPA. See, Phillips v. Asset Acceptance, 736 F.3d. 1076, 1079 (7th Cir. 2013); and, McMahon v. LVNV Funding, 744 F.3d 1010 (7th Cir. 2014).

18. Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the possibility that CMS would not sue on the debt; and b) they failed to foreclose that LVNV could not legally sue on the debt, not that LVNV had simply chosen not to do so. Moreover, Defendants, by offering to settle the debt, implied that the debt was still legally enforceable.

19. This is materially false or misleading statement that would lead any consumer to believe that they had to pay or settle this debt to avoid being sued, or having to pay the full amount at some point in the future, see, Lox v. CDA, 689 F.3d 818, 826 (7th Cir. 2012).

20. Defendants form letter violates § 1692e of the FDCPA, including § 1692e(2)(A) and § 1692e(5).

21. Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

22. Plaintiff adopts and realleges ¶¶ 1-14.

23. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

24. Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the

5

possibility that CMS would not sue on the debt; and, b) they failed to foreclose that LVNV could not legally sue on the debt, not that LVNV had simply chosen not to do so. Moreover, Defendants, by offering to settle the debt, implied that the debt was still legally enforceable.

25. These are materially unfair or unconscionable means that would lead any consumer to believe that they had to pay this debt to avoid being sued or being credit reported, see, Lox v. CDA, 689 F.3d 818, 826 (7th Cir. 2012).

26. Defendants, by attempting to collect a time-barred debt, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

27. Defendants' violation of § 1692f of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

28. Plaintiff, Agnes Stolinski, f/k/a Dawlak, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendants attempted to collect a delinquent, time-barred consumer debt, allegedly owed for an HSBC/Carsons account, via the same form collection letter (Exhibit C), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

29. Defendants regularly engage in debt collection, using the same form collection letter they sent Plaintiff Stolinski, in their attempts to collect delinquent

consumer debts from other consumers.

30. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts by sending other consumers the same form collection letter they sent Plaintiff Stolinski.

31. Plaintiff Stolinski's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

32. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

33. Plaintiff Stolinski will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Stolinski has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Agnes Stolinski, f/k/a Dawlak, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Stolinski as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendants' form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Stolinski and the Class, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Agnes Stolinski, f/k/a Dawlak, individually and on behalf of all others similarly situated, demands trial by jury.

        Agnes Stolinski, f/k/a Dawlak,
        individually and on behalf of all others
        similarly situated,

        By: /s/ David J. Philipps
        One of Plaintiff's Attorneys

Dated: January 10, 2017

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com